IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03582-RMR-KLM

JAWAUN WARD,

     Plaintiff,

v.

MORAIMA MARQUEZ, Correctional Officer, individually,

     Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's[1] **Motion Requesting the Court Appoint Independent Expert Witness** [#83][2] (the "Motion").  No response was filed.

In short, the incident underlying Plaintiff's claims occurred on April 7, 2020, shortly after the COVID-10 pandemic began, while Plaintiff was incarcerated at Arkansas Valley Correctional Facility.  *See Second Am. Compl.* [#22] at 4.  Plaintiff alleges that Defendant, a correctional officer at the facility, used excessive force against him and was deliberately indifferent to his health and safety when she allegedly said that she had the coronavirus

---

[1]  The Court must construe the filings of a pro se litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[2]  "[#83]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

and blew her breath at Plaintiff "a number of times as she stood behind him in the chow line." *See id.* at 4-5.

In the present Motion [#83], Plaintiff requests the Court to appoint and pay for an expert in COVID-19 and COVID-19 transmission as an expert witness in this matter, to oppose Defendant's expert witness on the same subject matter.   *Motion* [#83] at 2.

Pursuant to Fed. R. Evid. 706(a):

> On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may request the parties to submit nominations.  The court may appoint any expert that the parties agree on and any of its own choosing.  But the court may only appoint someone who consents to act.

Although Fed. R. Evid. 706(a) "permits the district court to appoint a medical expert, courts rarely exercise this power." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).  "Some courts treat this power as 'the exception and not the rule,' limiting appointment of experts to the 'truly extraordinary cases where the introduction of outside skills and expertise, not possessed by the judge, will hasten the just adjudication of a dispute without dislodging the delicate balance of the juristic role.'" *Id.* at 397-398.

"While Rule 706 provides no standard for determining when to appoint an expert, the policy [of promoting accurate factfinding] underlying the provision supplies some guidance."  29 Federal Practice and Procedure, Wright & Gold, § 6304, at 465 (1997).  Courts have hesitated to find any affirmative obligation to exercise their Rule 706 power. *See, e.g.,  Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Okla. Natural Gas Co. v. Mahan & Rowsey, Inc.*, 786 F.2d 1004, 1007 (10th Cir. 1986).  In the absence of "complex scientific evidence or complex issues," the circuit courts have held that a district court does not abuse its discretion in declining to appoint an expert pursuant to Rule 706.  *McKinney*

*v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991); *see also  Cestnik v. Fed. Bureau of Prisons*, 84 F. App'x 51, 53 (10th Cir. Dec.18, 2003) ("Given the relative lack of complexity of [the] case and [Plaintiff's] failure to submit any evidence that he was financially unable to retain his own physician, we cannot say that the refusal to appoint an expert constituted abuse of discretion.").

Further, as relevant here, "[w]hen appointing medical experts, the court is to allocate payment between the parties." *Rachel*, 820 F.3d at 398 (citing Fed. R. Evid. 706(c)(2)). Reasonable compensation for an appointed expert is payable "by the parties in the proportion and at the time the court directs—and the compensation is then charged like other costs." Fed. R. Evid. 706(c).  Courts have held that, under Rule 706(c), a District Court can apportion costs of an expert witness, and that this authority extends to excusing indigent parties from paying their share of the costs. *See, e.g.*, *Ledford v. Sullivan*, 105 F.3d 354, 360-61 (7th Cir. 1997).

Here, Plaintiff "did not identify an independent expert and was unable to pay the district court's filing fee." *Rachel*, 820 F.3d at 398; *Motion* [#83]; *Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915* [#5].  Thus, Plaintiff proceeds in forma pauperis in this matter.  Importantly, the Court has no existing funds to pay for the appointment of an expert witness in a civil case. *See Patel v. United States*, 399 F. App'x 355, 359 (10th Cir. 2010) (citing 28 U.S.C. § 1915(c) for the proposition that "the in forma pauperis statute makes no provision for litigation expenses other than the reproduction of the record and transcripts").  As the Tenth Circuit Court of Appeals has stated in another lawsuit initiated by a pro se prisoner claiming, in part, medical negligence:

The plaintiffs' dilemma in being unable to proceed in this damage suit

-3-

because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. Nonprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony. By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

*Id.* (quoting *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987)). Thus, neither Plaintiff nor the Court has the ability to pay for an expert witness.

As a result, the Court "could appoint an expert only by identifying one on its own and directing the defendants to bear all of the costs." *Rachel*, 820 F.3d at 398. However, the Court has the discretion to order one party to pay for expert testimony requested by the opposing party *only if that expert's testimony would substantially aid the Court*. *See Ledford*, 105 F.3d at 361. In this case, though, the Court finds that the issues are not overly complex or scientific. *See generally Second Am. Compl.* [#22]. It appears that both the Court and a jury would be able to understand the issues presented by Plaintiff's case without the assistance of a court-appointed expert. *See, e.g., Rachel*, 820 F.3d at 398 (holding that the district court did not abuse its discretion by refusing to appoint a medical expert to rebut the defendants' arguments as to the alleged adequacy of the plaintiff's medical treatment in a deliberate indifference claim).

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#83] is **DENIED**.

Dated: May 2, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

-4-